# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

FRANCIS J. ROLEWSKI,
    Plaintiff,

v.                                                                                               Case No. 06-C-0912

MICHAEL L. MAIN, D/B/A LUBE PLUS,
    Defendant.

## DECISION AND ORDER

Plaintiff, Francis J. Rolewski, who is currently incarcerated at Kettle Moraine Correctional Institution, filed this pro se civil rights complaint.[1] This matter comes before the court on plaintiff's petition to proceed in forma pauperis.

## I. REQUEST TO PROCEED IN FORMA PAUPERIS

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is required to pay the statutory filing fee of $350.00 for this action. If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[2]

---

[1] For reasons that will be discussed, infra, it is unclear whether plaintiff filed his complaint pursuant to 42 U.S.C. § 1983.

[2] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $41.02. Thus, his motion for leave to proceed in forma pauperis will be granted.

## II. SCREENING

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 [1957]). In

2

reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

## A. Facts and Background

In May, 2003, plaintiff began working with defendant Main as a lead technician and shop manager. (Compl. at 2). Under the terms of his employment agreement, plaintiff was

3

to be paid on a weekly basis. Id. Plaintiff was to receive $15.75 per hour in addition to 10% of the total amount collected for his services. Id.

On October 18, 2003, Main questioned plaintiff about some lost invoices and parts. Id. Plaintiff communicated to Main what information he knew and then left for the night. Id. Later that day, an officer with the Outagamie County Sheriff's Department came to plaintiff's home to inquire about the missing invoices and parts. Id. at 3.

Plaintiff told the officer that he "did indeed recive (sic) payment for the services performed and had yet to deposit them, and was going to the next day of business." Id. The officer then informed plaintiff that defendant Main was terminating plaintiff's employment and pressing charges against him. Id. Plaintiff gave the officer the keys to the shop. Id. Plaintiff attempted to contact Main via telephone but Main refused to answer plaintiff's calls. Id.

Two days later, on October 20, 2003, plaintiff again telephoned Main. Id. At that time, Main called plaintiff a thief and told him not to call the shop again. Id. When plaintiff stated that Main owed him money for services he performed and that he wanted to come to the shop to pick up some personal items, Main replied, "Good luck getting any money or anything from me." Id.

Plaintiff then contacted the Department of Workforce Development to inquire whether Main could withhold his wages. Id. When plaintiff called Main to tell him that he was legally entitled to his back wages, Main responded, "Sue me." Id. Thereafter, one of the shop patrons called plaintiff to inform him that Main was telling people that plaintiff was in jail for being a thief, which was untrue. Id.

4

Plaintiff avers that Main's actions violated Wis. Stat. § 109.03(2)(7). Id. For relief, plaintiff requests that he be compensated for his back wages, commissions and unused vacation time. Id. Additionally, he seeks the return of several personal items. Id.

**B.     Analysis**

As a preliminary matter, it is unclear whether plaintiff filed this action pursuant to 42 U.S.C. § 1983. The complaint was not filed on a § 1983 form and no mention of § 1983 is made in the body of the complaint. On the other hand, plaintiff is a state prisoner and he has not indicated that he objects to my order of September 5, 2006, in which I characterized this action as arising under § 1983. Regardless, plaintiff's action must be dismissed for the following reasons.

    **1.     § 1983 Claims**

To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was visited upon him by a person acting under color of law. Gomez, 446 U.S. at 640. Construing the complaint liberally, as the court must at this stage, there is no indication that Main or Lube Plus is a state actor. Nor has plaintiff alleged that Main or Lube Plus conspired with a state actor to deprive plaintiff of a constitutional right. See Burrell v. City of Mattoon, 378 F.3d 642, 649 (7th Cir. 2004)(a private citizen may become liable under § 1983 by conspiring with a public official to deprive someone of a constitutional right). Additionally, plaintiff has not asserted an injury of constitutional magnitude. See Gomez, 446 U.S. at 640. Rather, he has charged defendant with violating Wis. Stat. §§ 109.03(2)

5

and (7), which does not implicate plaintiff's federal constitutional rights. <u>Reed v. City of Chicago</u>, 77 F.3d 1049, 1054 (7th Cir. 1996).

### 2. State Law Claims

Inasmuch as plaintiff seeks to pursue a claim that defendants violated his rights under state law, the court lacks jurisdiction because the matter does nor arise under the Constitution or federal statutes, <u>see</u> 28 U.S.C. § 1331, and there is no diversity jurisdiction under 28 U.S.C. § 1332(a) because all parties reside in Wisconsin. Although the supplemental jurisdiction statute, 28 U.S.C. § 1367, permits federal courts to exercise jurisdiction over an action containing federal and state claims where these claims are so related as to form part of the same case or controversy, <u>see</u> <u>Estate of Thurman v. City of Milwaukee</u>, 197 F. Supp. 2d 1141, 1151 (E.D. Wis. 2002), there are no federal claims in this action.

In sum, plaintiff has failed to state a claim under § 1983. Further, the court lacks jurisdiction over plaintiff's state law claims. Thus, the complaint must be dismissed.

### III. CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's request to proceed in forma pauperis (Docket # 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

6

Case 2:06-cv-00912-LA   Filed 02/12/07   Page 6 of 7   Document 5

**IT IS ALSO ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $308.98 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ORDERED** that a copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 11 day of February, 2007.

/s_____
LYNN ADELMAN
District Judge